# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-227-MOC
# (5:15-cr-71-MOC-DCK-1)

| | | |
|---|---|---|
| ALFREDO CONTADOR-CRUZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I. BACKGROUND

With a written plea agreement, Petitioner knowingly and voluntarily pleaded guilty to conspiracy to unlawfully produce and transfer an identification document, 18 U.S.C. §§ 1028(a)(1), (a)(2), (f); production of a fraudulent identification document, 18 U.S.C. §§ 2, 1028(a)(1); and aggravated identity theft, 18 U.S.C. §§ 2, 1028A(a)(1). (Crim. Case No. 5:15cr71, Doc. No. 106: Judgment). As part of his plea agreement, Petitioner expressly waived his right to appeal his conviction and sentence on grounds other than ineffective assistance of counsel or prosecutorial misconduct. (Id., Doc. No. 66 at 5: Plea Agreement). The parties agreed "that the appropriate sentence is one within the 'applicable guideline range' under the United States Sentencing Guidelines." (Id. at 2). The parties also agreed that "[n]either party" would "seek a departure or variance from that range." (Id.). In exchange for his plea of guilty, the Government agreed, among other things, to dismiss three additional counts, including

1

another count of aggravated identity theft, which carries a two-year mandatory minimum consecutive prison sentence, 18 U.S.C. § 1028A(a)(1). (Id. at 1; Doc. No. 89 at 5: Presentence Report).

A United States Magistrate Judge accepted Petitioner's guilty plea after conducting a thorough plea colloquy, during which Petitioner was represented by counsel. (Id., Doc. No. 117 at 1-21: Plea Hr'g Tr.). Under oath, Petitioner told the Court that he understood "the right to appeal" his conviction and sentence had "been expressly waived" in his "plea agreement." (Id. at 15). He told the Court that he was "satisfied with the services of [his] lawyer." (Id. at 18). He also affirmed, under oath, that he had heard and understood all parts of the proceeding and still wished to plead guilty. (Id.).

Several months later, this Court reaffirmed the magistrate judge's acceptance of Petitioner's guilty plea after reviewing it with Petitioner. (Id., Doc. No. 119 at 3-40: Sentencing Tr.). Petitioner again represented that he was "fully satisfied" with his attorney's services. (Id. at 2-3). He also stated that he was "pleading guilty freely and voluntarily." (Id. at 3).

This Court sentenced Petitioner to a total term of imprisonment of 39 months, within the range advised by the United States Sentencing Guidelines. (Id. at 4, 11). The Court of Appeals for the Fourth Circuit affirmed this Court's judgment in part and dismissed his appeal in part in light of Petitioner's appellate waiver on November 27, 2017. United States v. Contador-Cruz, No. 17-4107, 2017 WL 5664694, at *2 (4th Cir. Nov. 27, 2017). The Court reviewed the record and explicitly held that Petitioner's "appellate waiver" was "knowing, voluntary, and intelligent." Id. at 1. On December 21, 2017, Petitioner filed this timely Section 2255 motion, in which he contends that his trial attorney failed to object to the appellate waiver in Petitioner's

plea agreement, and he further contends that his appellate counsel was ineffective for filing an appeal on Petitioner's behalf.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In support of his ineffective assistance of counsel claims, Petitioner contends that his trial attorney failed to object to the appellate waiver in Petitioner's plea agreement, and he further contends that his appellate counsel was ineffective for filing an appeal on Petitioner's behalf.

To prevail on a theory of ineffective assistance of counsel, Petitioner must establish that his attorney's performance fell below an objective standard of reasonableness, judged "from counsel's perspective at the time." Strickland v. Washington, 466 U.S. 668, 689 (1984). He must also establish prejudice in the form of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because Petitioner pleaded guilty, to establish prejudice affecting his conviction, he must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lee v. United States, 137 S. Ct. 1958, 1964 (2017).

First, Petitioner contends that his trial attorney "fail[ed] to object" to the "appellate waiver" in his plea agreement. Petitioner's contention that his trial attorney "fail[ed] to object" to the "appellate waiver" in his plea agreement does not come close to establishing deficient performance. The plea offer that Petitioner accepted was highly favorable, allowing him, among other things, to escape prosecution for multiple dismissed counts, including one that carries a two-year mandatory minimum penalty. An essential part of the offer was Petitioner's waiver of appellate rights. Petitioner affirmed under oath that he wished to accept the terms of the agreement, including the waiver, and plead guilty. His attorney was not deficient for declining to undermine her client's entirely reasonable choice by rejecting the plea agreement offered by the Government and requiring him to proceed to trial against his express wishes.

In any event, Petitioner's statements under oath preclude him from establishing the prejudice necessary to escape a guilty plea on an ineffective-assistance-of-counsel theory. He has not alleged that he "would have insisted on going to trial" to avoid an appellate waiver. Hill v. Lockhart, 474 U.S. 52, 59 (1985). And the record establishes that he would not have so insisted. He explicitly acknowledged the appellate waiver under oath during his plea colloquy, and he told the Court that he still wished to plead guilty.

Petitioner's remaining allegations against his trial counsel—that she "fail[ed] to Suppress Evidence," failed to provide "complete Discovery," and failed to "request[] a downward departure under . . . 18 U.S.C. § 3553(a)"—fail as a matter of law because they are, among other things, conclusory. See United States v. Roane, 378 F.3d 382, 400 (4th Cir. 2004). He has not alleged any facts related to a motion to suppress, let alone specific facts showing that "no competent attorney would think a motion to suppress would have failed." Premo v. Moore, 562 U.S. 115, 124 (2011). Nor has he alleged any specific facts that would establish attorney

incompetence related to discovery, or any basis for a downward departure or variance. Indeed, as part of his plea agreement, Petitioner agreed that a sentence within the applicable guideline range was appropriate and that "[n]either party" would "seek a departure or variance from that range." (Crim. Case No. 5:15cr71, Doc. No. 66 at 2). Counsel was not constitutionally deficient for declining to breach Petitioner's plea agreement, nor has Petitioner identified any facts that, if true, would establish prejudice from counsel's conduct.

Next, Petitioner also cannot establish that his appellate attorney was constitutionally deficient for filing an appeal on Petitioner's behalf. Pursuing an appeal despite an appellate waiver might involve making a long shot, but it does not "amount[] to incompetence under 'prevailing professional norms.'" Harrington v. Richter, 562 U.S. 86, 105 (2011) (quoting Strickland, 466 U.S. at 690). Nor can Petitioner possibly establish prejudice, as he would not have "prevailed on his appeal" if he had never filed one. Smith v. Robbins, 528 U.S. 259, 285 (2000).

In sum, Petitioner fails to show ineffective assistance of either trial or appellate counsel and his motion to vacate will, therefore, be denied and dismissed.

**IV.    CONCLUSION**

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a

certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 2, 2018

Max O. Cogburn Jr.
United States District Judge